### FILICE v. BISCARDI.

No. 4340.  Decided May 11, 1926.  (246 P. 535).

1. MORTGAGES. In suit to foreclose mortgage, burden of proof respecting payment of note secured by mortgage was on defendant alleging payment as defense.

2. TRIAL. Question of weight to be given testimony containing serious inherent defects is peculiarly for jury.

3. APPEAL AND ERROR. Finding of jury on conflicting evidence, approved and adopted by trial court, will not be interfered with by Supreme Court.

4. APPEAL AND ERROR—THAT ISSUE OF PAYMENT NOTE WAS SUBMITTED TO JURY HELD NOT GROUND FOR COMPLAINT, SUCH MATTER BEING WITHIN DISCRETION OF COURT, AND NO OBJECTION BEING MADE THERETO. In suit to foreclose mortgage, that issue of payment of note secured by mortgage was submitted to jury *held* not ground for complaint, where there was no objection or exception to court's action; matter of calling jury as advisory being within sound discretion of court.

5. WITNESSES. Defendant in action by administratrix to foreclose mortgage *held* properly required to testify on cross-examination as to conversation had with administratrix after death of mortgagee.

Appeal from District Court, Seventh District, Carbon County; *George Christensen*, Judge.

Action by Elizabeth Filice, administratrix, against John Biscardi. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Thomas F. Ashworth*, of Salt Lake City, for appellant.

*Henry Ruggeri* and *B. W. Dalton*, both of Price, for respondent.

FRICK, J.

The plaintiff, as the administratrix of her husband's estate, commenced this action in the district court of Carbon county to foreclose a mortgage. The complaint is in

Corpus Juris-Cyc. References:
[1]   Mortgages 27 Cyc. p. 1397 n. 67.
[2]   Trial 38 Cyc. p. 1516 n. 57.
[3]   Appeal and Error 4 C. J. p. 866 n. 51.
[4]   Appeal and Error 3 C. P. p. 861 n. 9; 4 C. P. p. 828 n. 23.
[5]   Witnesses 40 Cyc. p. 2332 n. 74.

the usual form in such actions, and the relief prayed for is likewise the usual relief sought in such proceedings. The defendant in his answer to the complaint admitted the execution and delivery of the note and mortgage sued on. He denied that the note was unpaid, and as an affirmative defense interposed a plea of payment. The court called a jury as advisory, and submitted to them the only issue in the case, namely, the plea of payment. The case was twice tried, and upon both trials the issue was found in favor of plaintiff. The court adopted the finding of the jury and entered a decree of foreclosure. The defendant appeals. The principal contention on the part of the defendant is that the finding is contrary to the evidence and that the judgment is contrary to law.

It would be a needless effort on our part to attempt to set forth the evidence even in substance. As a matter of course, all of it relates to the issue of payment respecting which the burden of proof was upon the defendant. After carefully examining the evidence, however, we are clearly of the opinion that the finding is not only supported by the evidence, but that it is supported by the great weight and preponderance of the credible evidence. While the evidence produced on defendant's part might be sufficient to support a plea of payment if the jury believed it, yet it nevertheless contained many and serious inherent defects which made the question of the weight to be given to it peculiarly for the jury. The jury having found the issue in favor of the plaintiff, which finding has been approved and adopted by the trial court, we cannot interfere.

The defendant, however, contends that the court erred in submitting the issue of payment to a jury. There are two answers to the contention, either one of which is conclusive against the defendant: (1) The record does not disclose any objection or exception to the court's action in calling a jury and in submitting the issue to it; and (2) even if there had been such an objection and

exception the matter of calling a jury as advisory to the court was clearly within the sound discretion of the court, and hence this assignment must fail.

It is next contended that the court erred in requiring the defendant to answer certain questions propounded to him upon cross-examination respecting a conversation he had with the administratrix some time after the death of her husband, for the reason that the defendant was "incompetent to testify." The contention is wholly without merit.

There are one or two other questions of a similar nature which are likewise untenable.

Upon the whole record the findings of the court and judgment are clearly right, and hence should be and they accordingly are affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.